# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., | |
| Plaintiffs, | Case No. 2:25-cv-00121-RWS |
| v. | |
| ETI SOLID STATE LIGHTING, INC., | |
| Defendant. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A SECOND 30-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT

Plaintiffs Signify North America Corporation and Signify Holding B.V. (collectively, "Signify") respectfully oppose Defendant ETI Solid State Lighting, Inc.'s motion seeking a second extension to respond to the Complaint. (Doc. 12).

Context will shed light on Signify's opposition. The parties are quite familiar with each other and the allegations at issue in this litigation. Defendant ETI has been aware of its need for a license to Signify's patent portfolio for over 10 years. *See* (Doc. 1, ¶ 38). Moreover, ETI has been aware of its alleged infringement of seven of the nine Asserted Patents for years before the Complaint was filed. (Doc. 1, ¶¶ 36–37) (alleging actual notice of various Asserted Patents as early as 2021 and 2023). But despite previous meetings and exchanges of allegations, the parties made

1

no progress towards a license. ETI would receive Signify's explanations of ETI's infringement yet would repeatedly fail to engage, ultimately leading to this lawsuit's filing. (Doc. 1, ¶ 38).

Simply stated, there is no good cause pled, let alone demonstrated, for now allowing ETI an additional 30 days to answer the Complaint. See Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ."). Your Honor's Standing Order further states that extensions "will not be granted as a matter of course" and that the requesting party must "explain with specificity the unanticipated or unforeseen circumstances necessitating the extension." Standing Order at 15.

ETI alleges it needs an additional 30-day extension to "investigate and develop its preliminary positions and contentions." Mot. at 4. But ETI has already been given a 30-day extension to answer the complaint for this same reason. Indeed, ETI's motion for its first extension was made "after reviewing the allegations of the Complaint, working to secure local counsel, and continuing to investigate and develop its preliminary positions and contentions." (Doc. 7, ¶ 3).

The circumstances here were not unanticipated or unforeseen. ETI has known for years that it requires a patent license, and Signify's case deserves to move forward. Indeed, ETI has had 51 days—more than double what the Federal Rules allow—to prepare its response to the Complaint. See *RMS of Ga., LLC v. Dynatemp*

*Int'l, Inc.*, No. 23-CV-86-RWS, 2023 WL 6536236, at *2–3 (N.D. Ga. Aug. 21, 2023) ("Defendants have already been afforded extra time to respond to RMS's First Amended Complaint. They originally sought an extra 21 days to prepare their responses, and nine days remain before their proposed deadline. That should be more than sufficient time within which to finalize and file their responses.").

The parties' recent meeting to discuss a resolution does not provide relevant or new circumstances warranting effectively staying this case. While the parties met for a preliminary settlement discussion on June 17, they did not even exchange proposals, much less reach a settlement agreement. Weeks Decl. ¶ 5. Even though Signify provided an NDA to ETI to facilitate future discussions, ETI has yet to comment on or sign that agreement. See Mot. at Ex. 1. And to be sure, out of an abundance of clarity, Signify's representative, Dan Gaudet,1 noted during the meeting that Signify would not be inclined to agree to a second extension for an answer. Weeks Decl. ¶ 6; Mot. at Ex. 1.

Signify of course desires a mutually agreeable settlement and has fostered settlement discussions to that end. But this case must move forward now, especially given that the parties' settlement talks have persisted for years to no avail. Signify already consented to a 30-day extension as a courtesy, and ETI has had plenty of

---

[1] Mr. Dan Gaudet's name is misspelled in Defendant's motion as "Goudet." *See* Mot. ¶ 5; Cupar Decl. ¶ 4.

3

time to "investigate and develop its preliminary positions." Mot. at ¶ 4. Because ETI fails to show the requisite "good cause" for another extension, see Fed. R. Civ. P. 6(b)(1)(A), Signify asks that the Court deny ETI's motion.

Dated: June 25, 2025

Respectfully submitted,

/s/ *JOSHUA M. WEEKS*
Joshua M. Weeks
Georgia Bar No. 545063
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7405
joshua.weeks@alston.com

Adam D. Swain
ALSTON & BIRD LLP
950 F. Street, NW
Washington, D.C. 20004
Telephone: (202) 239-3300
adam.swain@alston.com

*Attorneys for Plaintiffs Signify North America Corporation and Signify Holding B.V*

## **LOCAL RULE 7.1D CERTIFICATION**

The undersigned hereby certifies that on June 25, 2025, the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A SECOND EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT** was prepared in Times New Roman, 14-point front, in compliance with Local Rule 5.1.

Dated:  June 25, 2025                     /s/ *JOSHUA M. WEEKS*
                                          Joshua M. Weeks