IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br> *Plaintiffs*, <br><br> v. <br><br> ETI SOLID STATE LIGHTING, INC., <br><br> *Defendant*. | Case No. 2:25-cv-00121-RWS |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
FOR A SECOND EXTENSION OF TIME**

**A. The Complaint Asserts 10 New Patent Infringement Claims Never Previously Identified to ETI.**

Plaintiffs argue that "ETI has been aware of its need for a license to Signify's patent portfolio for over 10 years." (Doc. 13 at 1.) The facts do not support this narrative:

- Prior to the April 23, 2025 Complaint, the last time Plaintiffs communicated with Defendant ETI was in 2023 — two years ago.

- In those 2023 discussions (and previously), ETI expressly told Plaintiffs it was not interested in a license because it does not infringe.

- After ETI stated its non-infringement position, Plaintiffs did nothing from 2023 until filing this suit two years later.

Plaintiffs' opposition (Doc. 13) also omits the central and most important fact: the Complaint now asserts 10 new patent infringement claims that Plaintiffs never

previously disclosed to ETI in its prior "10 years" of communications. These new allegations dramatically expand both the factual and legal scope of the case compared to prior "10 years" of discussions between the parties.

The following table summarizes these new, undisclosed claims asserted for the first time in the Complaint:

| Accused Product | New Patents Asserted in Complaint Signify Never Previously Asserted |
|---|---|
| Downlight | Three New Patent Allegations: '978, '321, and '682 Patents |
| VersaPak | Three New Patent Allegations: '280, '727, and '703 Patents |
| Spin Light | One New Patent Allegation: '682 Patent |
| Wall Pack Light | One New Patent Allegation: '703 Patent |
| Under Cabinet | One New Patent Allegation: '703 Patent |
| Wrap Light | One New Patent Allegation: '437 Patent |

This is why a 30-day extension is necessary. ETI is now facing a materially different broader case than what was previously known or anticipated. Under Rule 6(b)(1)(A), this constitutes "good cause," and under the Court's Standing Order, these newly expanded allegations are precisely the kind of unforeseen developments that warrant a short extension of time.

**B. Plaintiffs Dropped Nearly All Prior Patent Claims from Prior Discussions Ending in 2023—Confirming ETI's Non-Infringement Position.**

Plaintiffs also fail to acknowledge that they have dropped nearly all of the infringement claims previously asserted against ETI over the past 10 years. In doing so, Plaintiffs effectively corroborated ETI's position that it does not infringe.

ETI should not now be penalized for the fact that Plaintiffs waited in silence for the past two years, only to abruptly file a Complaint asserting an entirely new set of infringement claims — claims that ETI had no prior opportunity to analyze. The new scope of this litigation fully supports the requested extension, so that ETI may appropriately and fairly respond to this newly expanded case.

**C. ETI's Requested Extension Is Modest and Reasonable Given the Changed Scope of the Case and the Parties' June 17 Settlement Conference.**

ETI has already demonstrated its good faith by participating in the June 17, 2025, in-person settlement conference in Atlanta—at Plaintiffs' request—and by agreeing to exchange information and continue discussions in an effort to resolve this dispute. <u>Plaintiffs</u> selected June 17 as the date for the settlement conference, which occurred just days before ETI's June 23, 2025, answer deadline.

ETI's request for a second extension is not for delay, but is necessary to fairly and efficiently prepare a response to Plaintiffs' newly expanded claims.

Plaintiffs' reliance on *RMS of Ga., LLC v. Dynatemp Int'l, Inc.* is misplaced. There, the Court denied an extension where no change in the scope of the case had occurred. Here, by contrast, Plaintiffs' own Complaint has dramatically expanded the case, asserting ten new patent claims for the first time — precisely the type of "unanticipated or unforeseen circumstances" that satisfy Rule 6(b)(1)(A) and the Court's Standing Order.

This is especially true given the settlement context: Plaintiffs themselves initiated renewed settlement outreach and requested the June 17 conference, which took place shortly before the current answer deadline. ETI has acted in good faith throughout, participating in settlement discussions and now seeking only a brief extension to:

(1) determine whether the parties can resolve this dispute without further litigation; and

(2) if settlement is not achieved, analyze the newly asserted patents and prepare either a motion to dismiss or an answer with appropriate affirmative defenses and counterclaims.

ETI cannot stress enough that it is not trying to delay these proceedings and is fully prepared to respond to the Complaint — but under the circumstances created by Plaintiffs' new assertions and recent settlement outreach, a modest 30-day extension is fully warranted.

**4. Conclusion**

Given the new claims raised in the Complaint and the fact that Plaintiffs have dropped prior claims long asserted against ETI, good cause exists for this short, second extension. ETI respectfully requests that the Court grant its Motion and extend the deadline for ETI to answer or otherwise respond through and including July 23, 2025.

Dated: June 25, 2025.                    Respectfully submitted,

                                          */s/ Seth K. Trimble*

>Coby S. Nixon
>Georgia Bar No. 545005
>Seth K. Trimble
>Georgia Bar No. 851055
>**BUCHALTER APC**
>3475 Piedmont Road NE, Suite 1100
>Atlanta, Georgia 30305
>Telephone: (404) 832-7530
>Email: cnixon@buchalter.com
>          strimble@buchalter.com
>
>David B. Cupar (*pro have vice* application forthcoming)
>**MCDONALD HOPKINS LLC**
>600 Superior Avenue East, Suite 2100
>Cleveland, Ohio 44114
>Telephone: (216) 348-5400
>Email: dcupar@mcdonaldhopkins.com
>
>*Counsel for Defendant ETI Solid State Lighting, Inc.*

## LOCAL RULE 7.1D CERTIFICATION

The undersigned hereby certifies that the foregoing document was prepared in Times New Roman, 14-point front, in compliance with Local Rule 5-1.

>/s/ Seth K. Trimble
>Seth K. Trimble

5