# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

|  |  |
|---|---|
| SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V., <br><br> Plaintiffs, <br><br> v. <br><br> ETI SOLID STATE LIGHTING, INC. <br><br> Defendant. <br><br> ETI SOLID STATE LIGHTING, INC. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> SIGNIFY NORTH AMERICA CORPORATION, SIGNIFY HOLDING B.V., and COOPER LIGHTING, LLC, <br><br> Counterclaim Defendants. | C.A. No. 2:25-cv-00121-RWS |

## CONSENT PROTECTIVE ORDER

It is hereby stipulated by and between the parties hereto through their respective counsel of record, that: Each of the parties to this action, Signify North

1

America Corporation, Signify Holding B.V., Cooper Lighting, LLC,[1] and ETI Solid State Lighting, Inc. asserts that the parties to this action possess information that one or more parties contends is confidential. The parties wish to ensure that such confidential information shall not be made public and that its confidentiality is maintained. In addition, it is likely that the parties would seek information from non-parties that such non-parties would consider confidential.

Accordingly, the following procedure shall be adopted for the protection of the parties' and non-parties' confidential information:

## DEFINITIONS

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), and any other information considered in good faith by any party or non-party producing such Documents or information to be confidential because it contains or constitutes a "trade secret" as defined by Section 1(4) of the Uniform Trade Secrets Act or other information considered by such producing party to be confidential, unless and until such time as such

---

[1] Cooper asserts that it is not properly a defendant or "counterclaim defendant" in this case and should be dismissed. Cooper nevertheless joins in this motion to facilitate the efficient exchange of information between the other parties and further agrees to the terms contained herein should Cooper remain in this case.

information is found not to be confidential pursuant to the provisions of this Joint Protective Order ("Protective Order").

2. HIGHLY CONFIDENTIAL INFORMATION means any CONFIDENTIAL INFORMATION that the producing party believes in good faith constitutes proprietary financial or technical data or commercially sensitive competitive information, including, but not limited to, CONFIDENTIAL INFORMATION obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, marketing information, financial information such as sales amounts and volume, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the producing party.

   a) A Producing Party may additionally designate HIGHLY CONFIDENTIAL INFORMATION as OUTSIDE ATTORNEYS' EYES ONLY if such material includes, or relates to, information of exceptional sensitivity. Examples of such material may include non-public product development documents, strategic business planning documents, or licensing agreements having confidentiality obligations.

b) Material designated as OUTSIDE ATTORNEYS' EYES ONLY may only be disclosed as prescribed in paragraphs 10(g) and 11.

## **DESIGNATION & MARKING OF INFORMATION**

3. Each producing party may produce certain of its Documents for inspection by counsel of record to a party to this action, or may produce and deliver Documents without prior inspection, which may contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION contained in Documents produced for inspection before being marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the inspecting party shall assume that all Documents produced for inspection are HIGHLY CONFIDENTIAL INFORMATION of the producing party and shall treat all such Documents as HIGHLY CONFIDENTIAL INFORMATION until the producing party has had the opportunity to designate and mark them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", as required by paragraph 4, or for 30 calendar days, whichever comes first. With respect to Documents produced and delivered by one party without inspection by an opposing party, the producing party shall mark CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION as required by paragraph 4 before delivering them.

4

4. For any Document or other information that the producing party deems to be CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the producing party shall mark each page of the Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to delivering it to an opposing party. With respect to Documents or other information produced in electronic form, the producing party shall mark each page of each Document or other information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as far as is practicable for the particular electronic format in which the Document or other information is produced. All copies of Documents or other information produced by any party, and any abstract, extract, excerpt, summary, memorandum or other paper embodying information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order, shall be marked as required by this paragraph.

5. Whenever a deposition involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the following procedure shall be followed:

   a) At the request of the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the transcript containing CONFIDENTIAL or HIGHLY

CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION after transcription, provided that written notice of the designation is provided to the opposing party within thirty (30) calendar days after receipt of the transcript of the deposition by the designating party.

b) At the designating party's option, the reporter shall separate all portions of a deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by the designating party during a deposition, and designate such portions separately from the non-confidential portions of the deposition transcript. The reporter shall mark as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the cover and each page of such portions of the deposition transcript.

c) The dissemination of all deposition transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and all portions of transcripts designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, shall be limited to persons identified in paragraphs 8, 9, and 10 hereof.

6.  The Court's adoption of this Protective Order does not allow a party to file material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL without filing a motion to seal such material. A party seeking to file CONFIDENTIAL or HIGHLY CONFIDENTIAL material under seal must follow the procedures prescribed by the Local Rules. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court sealing the documents. Such documents must be filed in accordance with the procedures outlined in Section II.d of the Court's Standing Order Regarding Civil Litigation for Filing Documents Under Seal.

7.  The parties shall meet and confer in advance of the trial in accordance with the Local Rules regarding a procedure for the use at trial of any document designated for protection under this Protective Order.

### ACCESS TO CONFIDENTIAL INFORMATION

8.  All Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party in this action shall be maintained according to this Protective Order and used solely in connection with this action, unless otherwise agreed by the producing party, and all such confidentiality

obligations herein shall survive the completion of the litigation. Nothing contained in this Protective Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action. In addition, nothing shall prevent the disclosure of any Documents, deposition transcripts (or portions thereof), or other information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to (1) any employee of such designating party, or (2) any non-party who authored such information.

9. Access to CONFIDENTIAL INFORMATION shall be restricted to the following persons:

   a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary—in such counsel's reasonable judgment—to assist such counsel in the preparation and trial of this action;

   b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

8

c) Authors, addressees, and recipients of the specific CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific CONFIDENTIAL INFORMATION;

d) No more than five (5) designated individuals per party, which may include employees, officers, directors, or U.S.-licensed in-house counsel, who are involved in the prosecution or defense of this action and have the need to know such information in the prosecution or defense of this action and who have agreed to and signed the Agreement to Abide by Protective Order attached as Exhibit A, with respect to which the procedures in paragraph 11 have been followed provided that a party discloses the name and title of any designated employees, officers, directors, or U.S.-licensed in-house counsel in writing to the other parties prior to disclosing CONFIDENTIAL INFORMATION to that individual;

e) Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Protective Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 11 are met; and

f) Any other person(s) designated by Protective Order of the Court, after notice to all parties herein, and any other person(s) designated jointly by the parties. No such person may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 11 are met.

10. Access to HIGHLY CONFIDENTIAL INFORMATION shall be restricted to the following persons:

a) Outside counsel of record for a party and employees and vendors of such counsel assigned by and necessary—in such counsel's reasonable judgment—to assist such counsel in the preparation and trial of this action;

b) Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including court reporters and their transcribers, and videographers;

c) Authors, addressees, and recipients of the specific HIGHLY CONFIDENTIAL INFORMATION, and persons with previous knowledge of the specific HIGHLY CONFIDENTIAL INFORMATION;

d) No more than two (2) designated U.S.-licensed in-house counsel for the parties who (1) have the need to know such information in the prosecution or defense of this action in order to provide legal advice to the company

10

concerning the prosecution or defense of this action, and (2) each such counsel does not prosecute patents or draft patent applications for the company, and further provided that each such counsel is not involved in competitive decision-making of the company, to be determined as follows. The party seeking in-house counsel access to HIGHLY CONFIDENTIAL INFORMATION shall provide to the other parties the individual's job title and a detailed description of his/her job responsibilities, including any facts relevant to determining the individual's potential involvement with competitive decisionmaking. The other parties shall have 5 business days to object to the designation of the in-house counsel under this paragraph on the basis of involvement with competitive decision-making. If such objection is made and the parties cannot resolve the dispute through the procedures outlined in the Court's Standing Order, the individual may not access HIGH CONFIDENTIAL INFORMATION absent a Court decision permitting such access. Either party may seek Court intervention regarding a determination of whether the in-house counsel at issue participates in competitive decision making and thus should be restricted from accessing HIGHLY CONFIDENTIAL INFORMATION provided they follow the steps outlined in the Court's Standing Order;

11

e) Experts or consultants retained to assist the outside counsel of record, who are not now and have no current plans to become employees of a party, and who agree in writing to be bound by the terms of this Protective Order. No such expert or consultant may be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 11 are met; and

f) Any other person(s) designated by Protective Order of the Court, after notice to all parties herein, and any other person(s) designated jointly by the parties. No such person may be given access to HIGHLY CONFIDENTIAL INFORMATION until the conditions set forth in paragraph 11 are met.

g) Information additionally designated OUTSIDE ATTORNEYS' EYES ONLY may only be disclosed to individuals qualifying as 10(a)-(c) or (e)

11. No CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION of an opposing party may be disclosed to any person under paragraphs 9(d)-(e) and 10(d)-(f) of this Protective Order until each of the following preconditions is met:

a) The proposed person shall be provided with a copy of this Protective Order;

b) The proposed person shall be advised that he/she is bound by this Protective Order; and

c) The proposed person shall sign a document in the form of EXHIBIT A to this Protective Order. If the person to which a party wishes to disclose CONFIDENTIAL INFORMATION of an opposing party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Protective Order and their obligation to comply with such obligations.

d) For experts or consultants (or a member of the staff for either of the foregoing), the party obtaining EXHIBIT A must serve it on all other parties at least ten (10) business days before the first disclosure of documents designated for protection under this Protective Order. The party proposing to make the disclosure must serve the producing party with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within five (5) business days after

service of the identification. Thereafter, unless the dispute is otherwise resolved, the parties must meet and confer to attempt to resolve the dispute within five (5) business days after service of the objection in accordance with the Court's Standing Order. (*See* Doc. 10). If the parties are unable to resolve their dispute, the producing party may follow the procedures in the Court's Standing Order (Doc. 10 at 10–11) to seek Court intervention. In the event that the parties are unable to resolve a dispute arising under this Paragraph, the documents designated for protection under this Protective Order may not be disclosed to the expert or consultant without the Court's approval.

### CHALLENGES TO CONFIDENTIAL DESIGNATIONS

12. The receipt by a party of information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION by a producing party shall not be construed as an agreement by the receiving party that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

13. In the event of any dispute with respect to the propriety or correctness of the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by good faith negotiation. The negotiation shall involve oral communication, unless repeated

14

attempts to confer by telephone, videoconference, or in person are unsuccessful. If such negotiations fail, either party may follow the procedures outlined in the Court's Standing Order (Doc. 10) regarding Court intervention. The information shall be treated as designated by the producing party until the dispute is resolved, either by an express written agreement between the parties or by the Court.

14. No party shall be obligated to challenge the propriety or correctness of the other party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall rest upon the designating party, except that the burden of proving the exceptions set forth in paragraph 16 shall rest on the party asserting such exceptions.

15. Applications to the Court for an order relating to any documents designated for protection under this Protective Order shall be made in accordance with the procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's power to make any orders that

may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

## EXCEPTIONS TO CONFIDENTIALITY

16. Any Documents, deposition transcripts (or portions thereof), or other information bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation may be declared non-confidential (and therefore not subject to this Protective Order) by the Court. A party seeking to have information bearing a CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation declared non-confidential must follow the Court's procedures regarding discovery disputes outlined in its Standing Order (Doc. 10) and demonstrate, to the Court's satisfaction, that such Documents, deposition transcripts (or portions thereof), or other information contain:

   a) information which at the time of disclosure was available to the public;

   b) information which after disclosure to the receiving party in this action becomes available to the public through no act or failure to act by or on behalf of the receiving party, including the persons identified in paragraphs 9-10;

   c) information which as to the receiving party (including the persons identified in paragraphs 9-10 hereof) was as a matter of written record (i)

already known to the receiving party from sources that owed no obligation of confidentiality to the producing party, (ii) independently developed by the receiving party, (iii) obtained from the producing party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION (subject to paragraphs 3, 17, and 18 hereof), or (iv) received after disclosure in this action from a third party having the right to make such disclosure; or

d) information that is not a trade secret, or otherwise confidential, under governing law.

### SUBSEQUENT DESIGNATION

17. If a producing party produces any Document or other information, or provides any deposition testimony, containing information that it deems CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION without marking such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party shall treat the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or until

17

the Court rules that such information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. To the extent that such Document, deposition transcript (or portions thereof), or other information were disclosed to persons other than persons described in paragraphs 9-10 hereof, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

18. If a producing party produces any Document or other information, or provides any deposition testimony, that is marked CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and a receiving party believes the Document or other information or deposition testimony does not meet the definitions of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION set forth herein, the receiving party shall promptly upon discovery of such disclosure inform the producing party in writing. The receiving party shall treat the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION until the parties either agree that such information need not be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, or until the Court rules that such information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

## **INADVERTENT PRODUCTION OR DISCLOSURE**

19. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture, in whole or in party, of any claim of privilege, work product protection or other immunity with respect to the Inadvertently Disclosed Information and its subject matter.

20. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

21. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22. The receiving party may seek the production of the Inadvertently Disclosed Information by following the steps outlined in the Court's Standing Order (Doc. 10 at 10). Documents filed with the Court shall be filed under seal and shall not assert the fact or circumstances of the inadvertent production as grounds for relief.

23. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

24. Inadvertent production or disclosure of any document or information, including any document or information without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be governed by Fed. R. Evid. 502.

25. Each person receiving material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall exercise due and proper care in connection with the storage, custody, use and dissemination of such information to avoid any intentional or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order. In the event of disclosure of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person not authorized to such access under this Protective Order, the receiving party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the producing party whose material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The receiving party responsible for

improperly disclosing such material shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

## POST-LITIGATION OBLIGATIONS

26. Within thirty (30) calendar days after the completion of the litigation and all appeals, the receiving party shall return or destroy all Documents, deposition transcripts (or portions thereof), and other information received from a producing party and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and all copies, abstracts, extracts, excerpts, and summaries thereof, except that counsel for each party may retain (a) one copy of all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information, and (b) all such Documents not marked HIGHLY CONFIDENTIAL, deposition transcripts (or portions thereof), and other information incorporated into counsel's working files.

27. Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

28. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents

filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

## **OTHER**

29. Nothing in this Protective Order shall preclude any party from seeking and obtaining additional protection with respect to the confidentiality or non-confidentiality of Documents, deposition transcripts (or portions thereof), or other information, or relief from this Order with respect to particular Documents, deposition transcripts (or portions thereof), or other information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION hereunder, provided that any party seeking additional protections follows the procedures required by the Court's Standing Order. (*See* Doc. 10 at 10).

30. Nothing in this Protective Order, and no CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not disclose to its client any information designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

31. Third parties producing documents or providing testimony in the course of this action also may designate material or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, subject to the same protections and constraints as the parties to this action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. A third party's use of this Protective Order, however, does not entitle that third party to access any material or documents produced by any party in this case.

32. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Protective Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

33. This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Protective Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

34. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Protective Order by its terms.

35. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

36. NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.

SO ORDERED this 24th day of October, 2025.

_____
**RICHARD W. STORY**
United States District Judge

## <u>EXHIBIT A</u>

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ being duly sworn, state that:

1.      My present employer is _____.

2.      The address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I am a citizen of _____.

5.      I have been provided a copy of the Joint Protective Order ("Protective Order") regarding CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION in this case.

6.      I have carefully read and understand the provisions of the Protective Order in this case, and I will comply with all of its provisions.

7.      I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as any abstracts, extracts, excerpts, and summaries

1

thereof containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

8.      Upon request, I will return to counsel for the party from which I receive, or by whom I am designated, employed, or retained, all documents or other materials in my possession containing CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

10.    I certify under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____

                                                             Name: