# Exhibit B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ETI SOLID STATE LIGHTING INC.,**<br><br>Defendant. | C.A. No. 2:25-cv-00121-RWS |
| **ETI SOLID STATE LIGHTING INC.,**<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>**SIGNIFY NORTH AMERICA CORPORATION, SIGNIFY HOLDING B.V., and COOPER LIGHTING, LLC,**<br><br>Counterclaim-Defendants. | |

**DEFENDANT ETI SOLID STATE LIGHTING, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-24) TO PLAINTIFF SIGNIFY HOLDING B.V.**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant ETI Solid State Lighting Inc. ("ETI") propounds the following Requests

for Production to Plaintiff Signify Holding B.V. ("Signify"). Signify shall serve written answers and objections within thirty (30) days of service hereof, or at such other time as the Court may order, and shall supplement its responses as required by Rule 26(e).

## DEFINITIONS

1. "Action" means the above-captioned civil action, Signify North America Corp. and Signify Holding B.V. v. ETI Solid State Lighting Inc., Civil Action No. 2:25-cv-00121-RWS (N.D. Ga.).

2. "Asserted Patents" means United States Patent Nos. 8,789,978; 9,709,253; 10,634,321; 10,506,682; 11,408,588; 10,473,280; 9,677,727; 7,654,703; and 7,511,437.

3. "Accused Products" means each product, system, method, or service that Signify contends has infringed any claim of any Asserted Patent, including but not limited to the specific model numbers identified in the Complaint and any additional products encompassed by Signify's infringement contentions.

4. "Signify," "You," or "Your" means Signify Holding B.V., its predecessors, successors, parents, subsidiaries, divisions, affiliates, joint ventures, and all present and former officers, directors, employees, agents, attorneys, and any other Persons acting or purporting to act on its behalf.

5. "Conception," "Reduction to Practice," and "Diligence" have the

meanings assigned by U.S. patent law.

6. "Person" means any natural person or any legal, governmental, or business entity.

7. "Document(s)" is defined to be synonymous in meaning and scope with the usage of that term in Rule 34(a) of the Federal Rules of Civil Procedure and includes electronically stored information ("ESI").

## INSTRUCTIONS

1. Each Request shall be responded to separately and fully in writing. If You object to any Request, state with specificity the reasons for Your objection and produce all responsive documents to which You do not object.

2. If after a reasonable search and diligent inquiry You are unable to produce documents responsive to a Request in full, so state and produce the responsive documents that are available, specifying the portion that You are unable to produce and stating whatever information You have concerning the documents that cannot be produced.

3. These Requests are continuing in nature. If You obtain or become aware of additional responsive documents after serving Your responses, You must supplement or amend Your production promptly in accordance with Rule 26(e).

4. Unless otherwise specified, the relevant time period for these Requests is from January 1, 2008 to the present.

5. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in these Requests.

6. Electronically stored information ("ESI") shall be produced in a reasonably usable form, including metadata, and in accordance with any ESI protocol or agreement between the parties, or as otherwise ordered by the Court.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents relating to the conception, reduction to practice, and development of each Asserted Patent, including but not limited to inventor notebooks, sketches, emails, presentations, prototypes, and invention disclosures.

**REQUEST NO. 2:**

All Documents sufficient to show the complete chain of title for each Asserted Patent, including assignments, transfers, mergers, or other conveyances of rights.

**REQUEST NO. 3:**

The entire prosecution file history of each Asserted Patent and all related patents and applications, including foreign counterparts, continuation, divisional, and continuation-in-part applications.

**REQUEST NO. 4:**

All communications and Documents concerning prior art known to Signify, its inventors, attorneys, or agents during the prosecution of each Asserted Patent, including references alleged in ETI's invalidity contentions or counterclaims.

**REQUEST NO. 5:**

All Documents concerning the involvement of Daniel Piotrowski or Petronella Verweij in the preparation, filing, or prosecution of the Asserted Patents

**REQUEST NO. 6:**

All Documents that support Your contention that ETI has infringed any Asserted Patent, including claim charts, analyses, reverse engineering, teardown reports, testing, or other technical evaluations of any Accused Product.

**REQUEST NO. 7:**

All Documents that support any contention that ETI's infringement has been willful, including all letters, notices, or other communications by which You contend ETI had knowledge of the Asserted Patents.

**REQUEST NO. 8:**

Documents sufficient to show all licenses, covenants not to sue, settlement agreements, or other agreements granting any rights in or under any Asserted Patent, including executed versions of such agreements.

**REQUEST NO. 9:**

All Documents concerning royalties, licensing terms, or valuation of any Asserted Patent, including internal presentations, board materials, and third-party analyses concerning licensing programs or the value of the Asserted Patents.

**REQUEST NO. 10:**

All prior art search reports, analyses, or opinions concerning the Asserted Patents or their subject matter, including internal and external patentability opinions.

**REQUEST NO. 11:**

All internal communications or memoranda concerning whether to disclose or not disclose prior art references during prosecution of the Asserted Patents.

**REQUEST NO. 12:**

All communications between Signify (or its agents) and the USPTO regarding disclosure obligations under 37 C.F.R. § 1.56 for the Asserted Patents.

**REQUEST NO. 13:**

Documents sufficient to show technical specifications, drawings, schematics, CAD files, and user manuals for the Philips GreenPower LED interlighting products, including but not limited to model number 12NC: 9299002100154.

**REQUEST NO. 14:**

Documents sufficient to show annual U.S. sales volumes, units sold, revenues, and gross profits for the Philips GreenPower LED interlighting products from 2010

to the present.

**REQUEST NO. 15:**

Documents sufficient to show marketing, promotional, and advertising materials relating to the Philips GreenPower LED interlighting products..

**REQUEST NO. 16:**

All Documents relating to any effort to redesign, modify, or discontinue the Philips GreenPower LED interlighting products in light of ETI's patents..

**REQUEST NO. 17:**

All organizational charts, product line descriptions, or business unit records showing the entities and individuals responsible for the design, manufacture, and sale of the Accused Products and the Philips GreenPower LED interlighting products.

**REQUEST NO. 18:**

All organizational charts, product line descriptions, or business unit records showing the entities and individuals responsible for the design, manufacture, and sale of the Accused Products and the Philips GreenPower LED interlighting products.

**REQUEST NO. 19:**

All communications with Cooper Lighting or any other third party concerning the Asserted Patents, the Accused Products, or LED fixtures and retrofit kits

featuring manually selectable correlated color temperature (CCT) switches, including Cooper Lighting's "HALO Recessed – RL Selectable" fixtures.

**REQUEST NO. 20:**

All Documents relating to the calculation, estimation, or analysis of damages for alleged infringement of the Asserted Patents, including any Georgia-Pacific factor analyses, internal valuations, or presentations.

**REQUEST NO. 21:**

All Documents relating to any patent licenses, settlements, or covenants not to sue that You contend are comparable to a license that would have been negotiated between Signify and ETI.

**REQUEST NO. 22:**

Documents sufficient to show marking of products covered by the Asserted Patents pursuant to 35 U.S.C. § 287.

**REQUEST NO. 23:**

All Documents relating to any notice provided to ETI or others regarding the Asserted Patents.

**REQUEST NO. 24:**

Documents sufficient to show Signify's corporate structure, including entities involved in owning or enforcing the Asserted Patents.

Dated: September 26, 2025.

Respectfully submitted,

/s/ *David B. Cupar*
David B. Cupar (*pro have vice*)
**MCDONALD HOPKINS LLC**
600 Superior Avenue East, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Email: dcupar@mcdonaldhopkins.com

Coby S. Nixon
Georgia Bar No. 545005
Seth K. Trimble
Georgia Bar No. 851055
Cory Mull
Georgia Bar No. 595376
**BUCHALTER APC**
3475 Piedmont Road NE, Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 832-7530
Email: cnixon@buchalter.com
strimble@buchalter.com

*Counsel for Defendant and Counterclaim-Plaintiff ETI Solid State Lighting, Inc.*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be transmitted to counsel for ETI via electronic service on September 26, 2025.