**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **SIGNIFY NORTH AMERICA CORPORATION and SIGNIFY HOLDING B.V.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ETI SOLID STATE LIGHTING INC.,**<br><br>Defendant. | C.A. No. 2:25-cv-00121-RWS<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

**SIGNIFY NORTH AMERICA CORPORATION
AND SIGNIFY HOLDING B.V.'S
ANSWER AND COUNTERCLAIMS TO
<u>ETI SOLID STATE LIGHTING'S COUNTERCLAIMS</u>**

Plaintiffs Signify North America Corporation and Signify Holding B.V. ("Signify"), by their undersigned counsel, hereby submit this Answer and Counterclaims in response to the Counterclaims of Defendant ETI Solid State Lighting Inc. ("ETI"), filed on June 9, 2026. Dkt. No. 106. To the extent that any allegation contained in this Answer is not specifically admitted, it is hereby denied.

1

## COUNTERCLAIMS[1]

1.      Paragraph 1 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 1.

## PARTIES

2.      Upon information and belief, Signify admits the allegations in Paragraph 2 of the Counterclaims.

3.      Signify admits the allegations in Paragraph 3 of the Counterclaims.

4.      Signify admits the allegations in Paragraph 4 of the Counterclaims.

5.      Paragraph 5 calls for legal conclusions to which no response is required. To the extent a response is required, Signify admits that for purposes of the Counterclaims, ETI purports to use "Signify" to refer collectively to Signify North America Corporation and Signify Holding B.V., including their officers, agents, employees, and all persons acting in concert or participation with them unless otherwise specifically indicated. Signify denies that such characterization is appropriate and denies any remaining allegations of Paragraph 5.

6.      Signify admits that ETI purports to use "Signify North America"

---

[1] Headings are reprinted here with the same language as used in ETI's Counterclaims simply for ease of reference and do not constitute an admission.

in the Counterclaims to refer to Signify North America Corporation, a corporation organized under the laws of Delaware with its principal place of business at 400 Crossing Blvd, Suite 600, Bridgewater, NJ 08807.

7.     Signify admits that ETI purports to use "Signify Holding" in the Counterclaims to refer to Signify Holding B.V., a corporation organized under the laws of the Netherlands with its registered office at High Tech Campus 48, 5656 AE Eindhoven, The Netherlands.

**JURISDICTION AND VENUE**

8.     Signify admits that on May 2, 2025, Signify filed its Complaint alleging that ETI infringes U.S. Patent Nos. 8,789,978 ("the '978 Patent"), 9,709,253 ("the '253 Patent"), 10,634,321 ("the '321 Patent"), 10,506,682 ("the '682 Patent"), 11,408,588 ("the '588 Patent"), 10,473,280 ("the '280 Patent"), 9,677,727 ("the '727 Patent"), 7,654,703 ("the '703 Patent"), and 7,511,437 ("the '437 Patent").

9.     Paragraph 9 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify admits that the Counterclaims purport to arise under the patent laws of the United States and the Federal Declaratory Judgment Act. Signify admits that this Court has subject matter jurisdiction over the Counterclaims. Signify denies any remaining allegations in Paragraph 9.

10.     Signify admits that the Court has personal jurisdiction over Signify for the purposes of this action. Signify denies the remaining allegations of

3

Paragraph 10.

11.    Signify admits that venue is proper solely for the purposes of this action. Signify denies the remaining allegations of Paragraph 11.

12.    Paragraph 12 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify admits that it asserts that ETI has infringed the '978, '253, '321, '682, '588, '280, '727, '703, and '437 patents and that ETI's Answer contains affirmative defenses purportedly related to noninfringement and invalidity. Signify denies the remaining allegations of Paragraph 12.

## FIRST COUNTERCLAIM
### (Declaration of Noninfringement of the '978 Patent)

13.    Signify admits that ETI incorporates by reference every allegation contained in Paragraphs 1–12 of its Counterclaims as if fully set forth herein. Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

14.    Signify denies that only one product is accused of infringing claim 9 of the '978 Patent. The remainder of Paragraph 14 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 14.

15.    Paragraph 15 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 15.

4

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '978 Patent)

16. No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

17. Signify admits that Exhibit A to the Counterclaims is a document containing the text "Project 2.3 Low-profile LED Luminaires," "PIER Lighting Research Program," "California Energy Commission," "Prepared By: Lighting Research Center Nadarajah Narendran, Project Lead," "Managed By: Architectural Energy Corporation Judie Porter," and "January 2005." Signify denies that claim 9 of the '978 Patent is the only asserted claim in this litigation. The remainder of Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Signify denies the remaining allegations of Paragraph 17.

18. Paragraph 18 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 18.

## THIRD COUNTERCLAIM
### (Declaration of Noninfringement of the '253 Patent)

19. No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges

all of its responses in the preceding paragraphs, as if set forth fully herein.

20.    Signify denies that only one product is accused of infringing claim 1 of the '253 Patent. The remainder of Paragraph 20 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 20.

21.    Paragraph 21 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 21.

### FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '253 Patent)

22.    No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

23.    Signify denies that claim 1 of the '253 Patent is the only asserted claim in this litigation. The remainder of Paragraph 23 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 23.

24.    Paragraph 24 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 24.

6

## FIFTH COUNTERCLAIM
### (Declaration of Noninfringement of the '321 Patent)

25.    No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

26.    Signify denies that only one product is accused of infringing claim 8 of the '321 Patent. The remainder of Paragraph 26 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 26.

27.    Paragraph 27 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 27.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of the '321 Patent)

28.    No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

29.    Signify denies that claim 8 of the '321 Patent is the only asserted claim in this litigation. The remainder of Paragraph 29 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 29.

30.     Paragraph 30 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 30.

## SEVENTH COUNTERCLAIM
### (Declaration of Noninfringement of the '682 Patent)

31.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

32.     Signify denies that only one product is accused of infringing claim 1 of the '682 Patent. The remainder of Paragraph 32 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 32.

33.     Paragraph 33 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 33.

## EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of the '682 Patent)

34.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

35.     Signify denies that claim 1 of the '682 Patent is the only asserted

8

claim in this litigation. Signify admits that Exhibit B to the Counterclaims is a foreign language document containing the text "2012-79965." Except as expressly admitted herein, the allegations of Paragraph 35 are denied.

36.     Paragraph 36 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 36.

## NINTH COUNTERCLAIM
### (Declaration of Noninfringement of the '588 Patent)

37.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

38.     Signify denies that only one product is accused of infringing claim 21 of the '588 Patent. The remainder of Paragraph 38 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 38.

39.     Paragraph 39 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 39.

## TENTH COUNTERCLAIM
### (Declaration of Invalidity of the '588 Patent)

40.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the

Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

41.    Signify denies that claim 21 of the '588 Patent is the only asserted claim in this litigation. Signify admits that Exhibit C to the Counterclaims purports to be a copy of U.S. Patent Publication No. 2014/0042920 but denies any characterizations inconsistent therewith. Except as expressly admitted herein, the allegations of Paragraph 41 are denied.

42.    Paragraph 42 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 42.

**ELEVENTH COUNTERCLAIM**
**(Declaration of Noninfringement of the '280 Patent)**

43.    No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

44.    Signify denies that only one product is accused of infringing claim 1 of the '280 Patent. The remainder of Paragraph 44 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 44.

45.     Paragraph 45 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 45.

## TWELFTH COUNTERCLAIM
### (Declaration of Invalidity of the '280 Patent)

46.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

47.     Signify denies that claim 1 of the '280 Patent is the only asserted claim in this litigation. Signify admits that Exhibit D to the Counterclaims purports to be a copy of U.S. Patent Publication No. 2010/0265064 A1 but denies any characterizations inconsistent therewith. Except as expressly admitted herein, the allegations of Paragraph 47 are denied.

48.     Paragraph 48 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 48.

## THIRTEENTH COUNTERCLAIM
### (Declaration of Noninfringement of the '727 Patent)

49.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

11

50. Signify denies that only one product is accused of infringing claim 9 of the '727 Patent. The remainder of Paragraph 50 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 50.

51. Paragraph 51 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 51.

### FOURTEENTH COUNTERCLAIM
### (Declaration of Invalidity of the '727 Patent)

52. No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

53. Signify denies that claim 9 of the '727 Patent is the only asserted claim in this litigation. The remainder of Paragraph 53 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 53.

54. Paragraph 54 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 54.

### FIFTEENTH COUNTERCLAIM
### (Declaration of Noninfringement of the '703 Patent)

55. No response is required to the general re-allegation and

incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

56.     Signify denies that only one product is accused of infringing claim 17 of the '703 Patent. The remainder of Paragraph 56 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 56.

57.     Paragraph 57 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 57.

## SIXTEENTH COUNTERCLAIM
### (Declaration of Invalidity of the '703 Patent)

58.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

59.     Signify admits that Exhibit E to the Counterclaims is a foreign language document containing the text "2004-55800." Except as expressly admitted herein, the allegations of Paragraph 59 are denied.

60.     Paragraph 60 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 60.

## SEVENTEENTH COUNTERCLAIM
### (Declaration of Noninfringement of the '437 Patent)

61.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

62.     Signify denies that only one product is accused of infringing claim 1 of the '437 Patent. The remainder of Paragraph 62 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 62.

63.     Paragraph 63 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 63.

## EIGHTEENTH COUNTERCLAIM
### (Declaration of Invalidity of the '437 Patent)

64.     No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

65.     Signify denies that claim 1 of the '437 Patent is the only asserted claim in this litigation. Signify admits that Exhibit F to the Counterclaims is a foreign language document containing the text "2005-142137." Except as expressly admitted herein, the allegations of Paragraph 65 are denied.

14

66.    Paragraph 66 of the Counterclaims states legal conclusions to which no response is required. To the extent a response is required, Signify denies the allegations of Paragraph 66.

## NINETEENTH COUNTERCLAIM
### (Alleged Patent Infringement by Signify Holding B.V. of U.S. Patent No. 10,352,510)

67.    No response is required to the general re-allegation and incorporation by reference of the allegations of the foregoing paragraphs of the Counterclaims. To the extent a response is required, Signify repeats and re-alleges all of its responses in the preceding paragraphs, as if set forth fully herein.

68.    Signify admits that Exhibit G to the Counterclaims purports to be a copy of U.S. Patent No. 10,352,510 (the "'510 Patent"), is titled "Linkable Lighting Fixture," and states that the "date of patent" was July 16, 2019. The remainder of Paragraph 68 contains legal conclusions for which no response is required. To the extent a response is required, Signify lacks sufficient information to form a basis as to the truth of the allegations and therefore denies them. Except as expressly admitted herein, the allegations of Paragraph 68 are denied.

69.    Paragraph 69 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify lacks sufficient information to form a basis as to the truth of the allegations and therefore denies them.

70.    Signify denies the allegations of Paragraph 70.

71.    Signify admits that claim 3 of the '510 Patent speaks for itself but

15

denies any characterizations inconsistent therewith. Except as expressly admitted herein, the allegations of Paragraph 71 are denied.

72. Signify denies the allegations of Paragraph 72.

73. Signify denies the allegations of Paragraph 73.

74. Signify admits that Exhibit H to the Counterclaims purports to be a copy of a Quick Installation Guide for a Philips GreenPower LED Interlighting product but denies any characterizations inconsistent therewith. Except as expressly admitted herein, the allegations of Paragraph 74 are denied.

75. Signify denies the allegations of Paragraph 75.

76. Signify denies the allegations of Paragraph 76.

77. Signify denies the allegations of Paragraph 77.

78. Signify denies the allegations of Paragraph 78.

79. Signify denies the allegations of Paragraph 79.

80. Paragraph 80 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 80.

81. Signify admits that, since 2015, it has repeatedly notified ETI that its products infringe Signify patents. Except as expressly admitted herein, the allegations of Paragraph 81 are denied.

82. Signify admits that, since 2015, it has repeatedly notified ETI that its products infringe Signify patents. Signify denies the remaining allegations of Paragraph 82.

83. Signify denies the allegations of Paragraph 83.

84. Signify denies the allegations of Paragraph 84.

85. Paragraph 85 contains no allegations and therefore no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 85.

86. Signify admits that Signify and ETI are competitors. Signify denies any remaining allegations in Paragraph 86.

87. Signify admits that, since 2015, it has repeatedly notified ETI that its products infringe Signify patents. Signify denies the remaining allegations of Paragraph 87.

88. Signify denies the allegations of Paragraph 88.

89. Paragraph 89 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 89.

90. Signify denies the allegations of Paragraph 90.

91. Signify denies the allegations of Paragraph 91.

92. Paragraph 92 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 92.

93. Paragraph 93 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 93.

94.    Paragraph 94 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 94.

95.    Paragraph 95 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Signify denies the allegations of Paragraph 95.

## PRAYER FOR RELIEF

No response is required to ETI's prayer for relief. To the extent a response is required, Signify denies that ETI is entitled to any relief in connection with the Counterclaims, including without limitation relief specifically requested in paragraphs 96–105 of the Counterclaims.

## DEMAND FOR A JURY TRIAL

No response is required to ETI's jury demand. To the extent a response is required, Signify denies that ETI is entitled to a trial by jury on any claims alleged in ETI's Counterclaims.

## SIGNIFY'S DEFENSES

### FIRST DEFENSE (Failure to State a Claim)

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE (Noninfringement)

Signify has not infringed, and is not infringing, whether directly or indirectly, any valid and enforceable claim of the '510 Patent.

18

## THIRD DEFENSE (Invalidity)

The claims of the '510 Patent are invalid for failure to satisfy one or more of the conditions for patentability under the patent laws of the United States, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as any judicial doctrine of invalidity.

## FOURTH DEFENSE (Prosecution History Estoppel)

ETI is estopped from asserting that one or more claims of the '510 Patent are infringed by Signify based on statements, representations, and/or amendments made to and/or before the United States Patent and Trademark Office during the prosecution of the application leading to the '510 Patent.

## FIFTH DEFENSE (Estoppel)

ETI's claims against Signify are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH DEFENSE (No Equitable Relief)

ETI is not entitled to any equitable relief, including without limitation any injunctive relief, because, among other reasons, any alleged injury to ETI is not immediate or irreparable, ETI has an adequate remedy at law, and public policy concerns weigh against any injunctive relief.

### SEVENTH DEFENSE (Limitation on Damages)

ETI is precluded from recovering damages for alleged acts of infringement occurring before the date it provided Signify with actual or constructive notice under 35 U.S.C. § 287.

### EIGHTH DEFENSE (35 U.S.C. § 286)

ETI's recovery for alleged infringement of the '510 Patent, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Counterclaims pursuant to 35 U.S.C. § 286.

### NINTH DEFENSE (No Willful Infringement)

ETI's claims for enhanced damages and an award of fees and costs against Signify have no basis in fact or law and should be denied.

### TENTH DEFENSE (Reservation of Rights)

Signify's investigation of its defenses is continuing, and Signify expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### CONCLUSION

Signify denies every allegation of ETI's counterclaims that Signify does not specifically admit to or otherwise specifically respond to above. Signify denies that it directly or indirectly infringes any valid claim of the '510 Patent

20

and denies that Signify is liable to ETI for any reason or in any amount and denies

that ETI is entitled to any relief.

## SIGNIFY'S COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. Rule 13, Signify North America Corporation and Signify Holding B.V. ("Signify") assert the following counterclaims against ETI Solid State Lighting, Inc. ("ETI"), and in support show this Court as follows:

## THE PARTIES

1.      Signify North America Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 400 Crossing Blvd, Suite 600, Bridgewater, NJ 08807.

2.      Signify Holding B.V. is a corporation organized and existing under the laws of the Netherlands with its registered office at High Tech Campus 48, 5656 AE Eindhoven, The Netherlands.

3.      On information and belief, ETI is a corporation organized under the laws of Ohio with its principal place of business at 4873 Thurmon Tanner Pkwy, Flowery Branch, GA 30542.

## JURISDICTION AND VENUE

4.      This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.      This Court has personal jurisdiction over ETI because, among other reasons, ETI has availed itself of the legal protections of this District by

voluntarily submitting to and employing the jurisdiction of this Court as the counterclaim plaintiff in this matter.

6.    Venue is proper in this judicial district under 28 U.S.C. § 1391 and because, among other reasons, ETI has voluntarily submitted to the jurisdiction of the Court in this matter.

## BACKGROUND

7.    On June 9, 2026, ETI filed a Second Amended Answer and Counterclaims alleging infringement of U.S. Patent No. 10,352,510 (the "'510 Patent") by certain of Signify's LED lighting products.

8.    Upon information and belief, the '510 Patent was issued on July 16, 2019 and is owned by ETI.

## COUNT ONE
### Declaratory Judgment of Noninfringement of the '510 Patent

9.    Signify repeats, realleges, and incorporates by reference its preceding allegations as if set forth fully herein.

10.    Signify has not infringed and does not infringe any valid and enforceable claim of the '510 Patent, either literally or under the doctrine of equivalents.

11.    In this litigation, Signify has served detailed noninfringement contentions, detailing the ways in which its products do not infringe the claims of the '510 Patent.

23

12. An actual and justiciable controversy exists between Signify and ETI regarding noninfringement of claims of the '510 Patent, including at least claims 3 and 5 of the '510 Patent.

13. Signify is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '510 Patent, either literally or under the doctrine of equivalents.

## COUNT TWO
### Declaratory Judgment of Invalidity of the '510 Patent

14. Signify repeats, realleges, and incorporates by reference its preceding allegations as if set forth fully herein.

15. Signify alleges that the claims of the '510 Patent are invalid for failure to satisfy the requirements of the Patent Act, Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 102, 103, and/or 112. For example, at least one or more of the asserted claims of the '510 Patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of the following references, alone or in combination with other prior art: U.S. Patent No. 9,541,266 to Bolscher; C.N. Patent No. 202521318 to Shaolong; U.S. Patent App. Pub. No. 2008/0165530 to Hendrikus; U.S. Patent No. 9,423,116 to Sieberth; JP Patent No. 3150185 to Ikeda; EP Patent No. 1,433,997 to Richter; and US Patent App. Pub. No. 2011/0286207A1 to Chan. Additionally, for example, one or more of the asserted claims of the '510 Patent are invalid under 35 U.S.C. § 112, such as for

24

indefiniteness, lack of written description, or lack of enablement of the full scope of those claims.

16.   In this litigation, Signify has served detailed invalidity contentions, detailing how the claims of the '510 Patent are invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

17.   An actual and justiciable controversy exists between Signify and ETI regarding the invalidity of claims of the '510 Patent, including at least claims 3 and 5 of the '510 Patent.

18.   Accordingly, Signify hereby seeks entry of a declaratory judgment that the claims of the '510 Patent are invalid.

## JURY DEMAND

Signify demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Signify respectfully requests the following relief:

A. A judgment dismissing ETI's Nineteenth Counterclaim with prejudice;

B. A judgment denying ETI any of the relief it has requested in its Nineteenth Counterclaim;

C. A judgment declaring that Signify has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claims of the '510 Patent;

D. A judgment declaring that the claims of the '510 Patent are invalid;

25

E. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Signify its reasonable attorneys' fees in defending against ETI's exceptional allegations;

F. Signify's costs and expenses in defending this action; and

G. Such other and further relief as the Court may deem just and proper.

Dated: June 23, 2026.                              Respectfully submitted,

/s/ JOSHUA M. WEEKS
Joshua Weeks
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7405
josh.weeks@alston.com

Adam D. Swain
ALSTON & BIRD LLP
950 F. Street, NW
Washington, D.C. 20004-1404
Telephone: (202) 239-3622
adam.swain@alston.com

Ravi Shah
ALSTON & BIRD LLP
15th Floor 90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9459
ravi.shah@alston.com

Sierra B. Weingartner
ALSTON & BIRD LLP
1120 South Tryon Street, Suite 300
Charlotte, NC 28203

26

Telephone: (704) 444-1242
sierra.weingartner@alston.com

*Attorneys for Plaintiffs*
*Signify North America Corporation &*
*Signify Holding B.V.*

27